UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ERIC HUGO LOPEZ LOPEZ,

                Petitioner,

v.

UNKNOWN PARTY et al.,

                Respondents.

_____/

Case No. 1:26-cv-2061

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated

this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF

No. 1), and a brief in support of his petition.[1] (Br. Supp., ECF No. 2.) For the following reasons,

the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention

following an order issued by the Detroit Immigration Court denying him bond and asks the Court

to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to

---

[1] On July 13, 2026, Petitioner filed a motion for release or release on bond pending decision, (ECF No. 4), and a motion to expedite ruling, (ECF No. 5.) These motions (ECF Nos. 4, 5) are resolved by the issuance of the Court's Opinion and Judgment, and thus, moot.

conduct an individualized custody determination before an appropriate decision-maker. (Pet., ECF No. 1, PageID.4.)

In an Order entered on July 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on July 23, 2026, (ECF No. 9.)

## II.     Relevant Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.1.) Petitioner entered the United States on an H-2A visa[2] at the San Lusi, Arizona port of entry. (Form I-213, ECF No. 9-3, PageID.62.) Petitioner's latest H-2A visa was issued on October 17, 2022, with an admit date until December 22, 2022. (Form I-94, ECF No. 9-2, PageID.58.) Petitioner overstayed his visa and has remained in the United States since that time. (*Id.*)

On December 17, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner.[3] (Br. Supp., ECF No. 2, PageID.6; Form I-213, ECF No. 9-3, PageID.61.) On May 5, 2026, the Detroit Immigration Court denied Petitioner's application for asylum and withholding of removal and found Petitioner to be removable to Mexico. (Order Immigration Judge, ECF No. 9-6, PageID.73–75.) Petitioner filed an appeal to the Board of Immigration

---

[2] An H-2A visa is a nonimmigrant document that allows U.S. employers to bring foreign nationals to the United States to fill temporary or seasonal agricultural jobs. 8 U.S.C. § 101(a)(15)(H)(ii)(a).

[3] Respondents indicate that Petitioner was encountered while ICE conducted "targeted" surveillance (Form I-213, ECF No. 9-3, PageID.61.) Respondents do not argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), and there is nothing in the record presently before the Court to suggest that Petitioner was a law enforcement target for any reason other than his status as a noncitizen. (*See id.*)

Appeals (BIA), which was received on June 12, 2026, and remains pending.[4] (Filing Receipt, ECF No. 9-7, PageID.78.)

On July 8, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At the conclusion of the July 8, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner] failed to meet his burden of showing that he is not a flight risk." (Immigration Judge Order, ECF No. 9-8, PageID.81.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the

---

[4] Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      August 5, 2026               /s/ Jane M. Beckering
                                          Jane M. Beckering
                                          United States District Judge